James P. Trunzo, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, February 17, 1977, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate in the decision.

*James Patrick Trunzo*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., August 17, 1977:

We have before us preliminary objections of the Board of Probation and Parole (Board) to the Petition for Review of James P. Trunzo (Petitioner). Upon consideration of the briefs of Petitioner and the Board, we sustain the objections.

In 1968, Petitioner began serving a Commonwealth of Pennsylvania sentence of five to 20 years. He was paroled from this sentence in 1971. He remained at liberty under parole supervision until July 8, 1975, when he was arrested by agents of the Federal Bureau of Investigation for theft from interstate commerce. The following day the Pennsylvania Board of Probation and Parole executed a parole violation warrant against him. In August, 1975, following a hearing, Petitioner's parole was revoked. Another Board hear-

ing was held in September of 1975, after which Petitioner was found to be a technical parole violator and was recommitted to the State Correctional Institution at Dallas.

Thereafter, on October 4, 1975, Petitioner was removed from state custody by United States Marshals acting pursuant to a writ of habeas corpus ad prosequendum for trial on the theft from interstate commerce charges. Following his conviction on those charges·in the United States District Court for the Middle District of Pennsylvania, a five-year custodial sentence was imposed on December 4, 1975. Petitioner is presently serving the federal sentence and the Commonwealth has lodged a detainer against him based on the parole violation charge.

Petitioner contends that his transfer from state custody to federal custody was improper and that he should have been returned to state custody to serve his state sentence before serving his federal sentence. That contention was considered and rejected in *Trunzo v. Commonwealth of Pennsylvania, Board of Probation and Parole*, (C.A. No. 76-228 (M.D. Pa., filed June 4, 1976) Slip Opinion). In that case, Judge R. DIXON HERMAN held that "the question of which sovereign exercises precedence in executing its sentence of imprisonment is a question of comity about which a prisoner has no standing to complain." We have reviewed the cases on the subject and are in agreement with Judge. HERMAN's resolution of that issue.

Petitioner further contends that, by surrendering him to the custody of the federal authorities and failing to require his return to the Commonwealth's jurisdiction after the completion of the trial on the federal offense to permit him to serve out the remainder of his state sentence, the Commonwealth waived its jurisdiction over him, thereby invalidating the detainer lodged

by the Commonwealth with the federal authorities and relieving Petitioner of the obligation of serving any additional time on his state sentence. The contention is without merit in light of our Supreme Court's ruling in *Commonwealth ex rel. Bonomo v. Haas*, 428 Pa. 167, 236 A.2d 810 (1968), where it was held that release by a state having custody of a prisoner to the federal authorities does not constitute a waiver by the state of its jurisdiction over the prisoner upon his release from federal prison, if the surrendering state has filed a detainer with the federal authorities.

Finally, Petitioner alleges, in conclusory terms, that the Board failed to accord him due process in revoking his parole, but offers no substantive facts in support of the allegation. We are unable to grant relief on the basis of such a claim.

Accordingly, we issue the following

ORDER

AND Now, this 17th day of August, 1977, the preliminary objections of the Board of Probation and Parole are hereby sustained and the petition is dismissed.

Judge KRAMER did not participate in the decision in this case.